[No. B181829. Second Dist., Div. Six. Nov. 28, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
ALFREDO ORNELAS, Defendant and Appellant.

COUNSEL

Joseph D. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Joseph P. Lee and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GILBERT, P. J.**—A defendant and his counsel appear in court for sentencing. The court inadvertently omits to ask whether there is any legal cause not to pronounce sentence. Defendant does not object. Here we hold that reversal of the judgment is not required absent a showing of prejudice.

## FACTS

On August 2, 2004, Ornelas drove several Eastside gang members to the west side of Santa Barbara. Prior to leaving, Ornelas directed his passengers

to leave their tire irons in the trunk of his Lincoln Town Car. When Ornelas drove by a market, he saw Alejandro M. and Brian R., Westside gang members, standing in front of the market. He stopped his car, his passengers retrieved their tire irons, and a fight ensued. Another vehicle containing Eastside gang members also stopped and its occupants joined the fight.

Alejandro M. and Brian R. suffered serious and deep stab wounds inflicted by a passenger in the second vehicle. When police officers later found Ornelas's Town Car, they saw bloodstains on and inside the car. During an interview with police officers, Ornelas admitted "cruising" with three Eastside gang members and stated that a fight ensued when Westside gang members threw objects at his Town Car. Later, when interviewed by the probation officer, Ornelas stated that he "was hanging around with the wrong people."

On November 2, 2004, Ornelas pleaded nolo contendere to one count of assault with a deadly weapon, and he admitted committing the crime for the benefit of a criminal street gang. (Pen. Code, §§ 245, subd. (a)(1) & 186.22, subd. (b)(1).[1]) A plea agreement with the prosecutor provided for "a three-year prison lid," probation, or "any other combination." The trial court continued the sentencing hearing on three occasions.

On February 10, 2005, Ornelas and his attorney appeared for sentencing. The trial court informed Ornelas of the charges to which he had pleaded, but did not inquire "whether [Ornelas] ha[d] any legal cause to show why judgment should not be pronounced against him." (§ 1200.) The trial court sentenced Ornelas to a three-year midterm sentence for assault, and stayed the five-year term for the criminal street gang enhancement. Neither Ornelas nor his attorney objected to the sentencing procedure and neither requested to present mitigating evidence.

Ornelas appeals and contends that the trial court denied him his right to allocution.

## DISCUSSION

Ornelas asserts that he has a statutory right to allocution pursuant to section 1200. (*In re Shannon B.* (1994) 22 Cal.App.4th 1235, 1238 [27 Cal.Rptr.2d 800] [§ 1200 affords a defendant the right to make a personal statement on his own behalf and to present information in mitigation of punishment].) He argues that he did not receive an opportunity to present evidence in favor of a grant of probation or a lesser sentence. Ornelas contends that the error is prejudicial because he would have obtained a more

---

[1] All statutory references are to the Penal Code.

favorable result had he been apprised of allocution. (*People v. Skinner* (1966) 241 Cal.App.2d 752, 756–758 [50 Cal.Rptr. 867] [collecting and discussing decisions].)

■ Section 1200 provides that when a defendant appears for judgment, he must be asked whether he has "any legal cause to show why judgment should not be pronounced against him." *In re Shannon B., supra,* 22 Cal.App.4th 1235, 1246, concluded that section 1200 entitles a defendant to make a personal statement and present mitigating information at sentencing. "Whether to permit a defendant to speak personally before pronouncement of judgment is not . . . within the discretion of the court. [Citations.] Rather, . . . [section 1200] gives the defendant the right not only to assert insanity or grounds in arrest of judgment or for a new trial (Pen. Code, § 1201), but also the right to make a personal statement and present information in mitigation of punishment. [Fn. omitted.]" (*In re Shannon B.,* at p. 1246.) Our Supreme Court has noted *In re Shannon B., supra,* 22 Cal.App.4th 1235, but has concluded that "no court has held that in a noncapital case a trial court must, on its own initiative, *offer* the defendant allocution." (*People v. Lucero* (2000) 23 Cal.4th 692, 718 [97 Cal.Rptr.2d 871, 3 P.3d 248].)

■ Decisions have determined that lack of compliance with section 1200 is harmless error when defendant is represented by counsel and has pleaded guilty. (*People v. Billetts* (1979) 89 Cal.App.3d 302, 310–311 [152 Cal.Rptr. 402] [collecting and discussing decisions].) "Although the statute is couched in mandatory language, lack of compliance has been deemed fatal to the judgment on only rare occasions, in almost all of which defendant was without counsel. [Citations.]" (*Id.,* at p. 310.) Here Ornelas pleaded nolo contendere to assault with a deadly weapon, and he admitted the criminal street gang allegation. Counsel represented him throughout the proceedings, including sentencing. Indeed, immediately following the statement of sentence, Ornelas's attorney challenged the restitution amounts imposed by the court and requested either a hearing or documentation of the victims' medical expenses.

Ornelas and his attorney spoke with the probation officer and their statements are included in the probation report. Ornelas informed the probation officer that his girlfriend was pregnant, that he recently completed one semester at community college, and that he last consumed alcohol on the day of his arrest. He admitted to "previous association with the 'Eastside Treviesos,'" and that he "was hanging around with the wrong people." The probation report noted that Ornelas was on probation at the time of the offense. Ornelas's attorney informed the probation officer that he believed probation and one year's confinement in county jail was "appropriate."

■ Ornelas does not establish any prejudice arising from the trial court's omission. He was represented by counsel throughout the proceedings, and his mitigating information is set forth in the probation report. (*People v. Maese* (1980) 105 Cal.App.3d 710, 724 [164 Cal.Rptr. 485] [§ 1200 error not prejudicial where defendant present and represented by counsel and no prejudice appears].)

The judgment is affirmed.

Coffee, J., and Perren, J., concurred.