[No. B203329. Second Dist., Div. Six. June 10, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JACK HENRY COULTER, Defendant and Appellant.

---

---

**COUNSEL**

Steve Pell for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Keith H. Borjon and A. Scott Hayward, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**YEGAN, J.**—Here we hold that in accepting a guilty plea, a trial court, with the express or implied consent of the defendant, may put the issue of a factual basis for the plea over to the sentencing hearing. As we shall explain, in this situation the reason for the rule is satisfied and any error in the timing of the inquiry is harmless.

Jack Henry Coulter appeals his convictions by plea of first degree murder (Pen. Code, §§ 187, subd. (a), 189),[1] two counts of attempted robbery (§§ 664, 211), and two counts of assault with a firearm (§ 245, subd. (a)(2)). Pursuant to the negotiated disposition, appellant admitted that he personally discharged a firearm in the commission of the murder (§ 12022.53, subd. (d)) and attempted robberies (§ 12022.53, subd. (c)). He thus avoided the death penalty or a sentence of life without the possibility of parole. He was sentenced to 50 years to life in state prison with possibility of parole.

Appellant apparently realizes that he cannot show, as a matter of law, that the trial court abused its discretion by not allowing withdrawal from the negotiated disposition. (E.g., *People v. Holmes* (2004) 32 Cal.4th 432, 443 [9 Cal.Rptr.3d 678, 84 P.3d 366]; see also *Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448–1449 [77 Cal.Rptr.2d 463] [collecting the cases and distilling the abuse of discretion standard on appeal].) So, he attempts to show a defect in the manner in which the plea was taken requiring reversal. He thus contends that the trial court failed to find a factual basis for the plea

---

[1] All statutory references are to the Penal Code.

when the initial change of plea was entered. We affirm the judgment and order denying his motion to withdraw from his negotiated disposition.

## Procedural History

The probation report states that appellant was arrested after he shot and killed Juan Pirir during an attempted robbery. Appellant and four fellow El Rio Trouble Street Gang members confronted Pirir, Oscar Estrada, and Alfredo Savaria who were walking to a local market. Appellant allowed Pirir to leave but demanded money from Estrada and Savaria. Pirir intervened and threw a rock at appellant. Appellant then shot Pirir in the head.

The district attorney filed a felony complaint alleging felony-murder special circumstances. (§ 190.2, subd. (a)(17)(A).) Before the preliminary hearing, the public defender made a written offer to plead guilty in exchange for a 50-year-to-life sentence with possibility of parole. The district attorney agreed.

On April 11, 2007, appellant signed a felony disposition statement providing that the trial court could consider police reports or a probation report as the factual basis for the plea. Appellant waived his constitutional rights and entered a change of plea and admissions. The trial court found that appellant understood the nature of the charges, the consequences of his plea, and that appellant had knowingly waived his rights. The trial court then said that "[t]he factual basis will be reserved for the time of sentencing." Appellant did not object to this procedure.

Before sentencing, appellant retained new counsel and moved to withdraw the plea and admissions based, inter alia, on the trial court's failure to determine a factual basis for the plea at the time the plea was entered on April 11, 2007. The trial court denied the motion remarking: "Clearly there was no probation report at the time that the plea was entered. However the agreement which [appellant] acquiesced [to] was the Court could consider the to be prepared probation report along with the police reports. And the probation report is in large measure simply derivative from the reports. [¶] I've heard no claim this morning that the facts as set forth in the probation report and drawn from those reports is in any way inaccurate or misstates those facts as contained in the reports."[2]

---

[2] We presume that if the probation report did not show a factual basis the trial court would have withdrawn its approval.

*Factual Basis for Plea*

■ Section 1192.5 requires that a trial court, in taking a conditional plea, determine by independent inquiry whether there is a factual basis for a guilty plea before the court accepts a negotiated plea.[3] (See, e.g., *People v. Hoffard* (1995) 10 Cal.4th 1170, 1181 [43 Cal.Rptr.2d 827, 899 P.2d 896]; *People v. Holmes, supra,* 32 Cal.4th at p. 435.) "Although not constitutionally required [citation], such an inquiry furthers constitutional considerations attending a guilty plea [citation], protects against the entry of a guilty plea by an innocent defendant, and makes a record in the event of appellate or collateral attacks on that plea. [Citation.] Given these significant policy considerations, a failure to make a sufficient inquiry, while not a constitutional or jurisdictional requirement, is one of the 'other' grounds going to the legality of the proceedings in the trial court. Even though a defendant may in fact be guilty of the offense to which he pleads guilty, given the policy considerations underlying the intent behind section 1192.5, an adequate inquiry into the factual basis for the plea addresses broader issues such as the voluntariness of the plea and a knowing decision to plead guilty. A sufficient factual inquiry must be considered a necessary component of the legality of the proceedings." (*People v. Marlin* (2004) 124 Cal.App.4th 559, 571 [21 Cal.Rptr.3d 470].)

■ In *People v. Holmes, supra,* 32 Cal.4th 432, our Supreme Court held that "in order for a [trial] court to accept a conditional plea, *it must garner information regarding the factual basis for the plea from either defendant or defense counsel to comply with section 1192.5.* If the trial court inquires of the defendant regarding the factual basis, the court may develop the factual basis for the plea on the record through its own examination by having the defendant describe the conduct that gave rise to the charge [citation] or question the defendant regarding the factual basis described in the complaint or written plea agreement. [Citations.] If the trial court inquires of defense counsel regarding the factual basis, it should request that defense counsel stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript, or written plea agreement. [Citation.] Under either approach, a bare statement by the judge that a factual basis exists, without the above inquiry, is inadequate. [Citation.]" (*Id.,* at p. 436, italics added.)

---

[3] Section 1192.5 states in pertinent part: "Upon a plea of guilty or nolo contendere to an accusatory pleading charging a felony, . . . the plea may specify the punishment . . . and may specify the exercise by the court thereafter of other powers legally available to it. [¶] . . . [¶] . . . *The court shall . . . cause an inquiry to be made of the defendant to satisfy itself* that the plea is freely and voluntarily made, and *that there is a factual basis for the plea.*" (Italics added.)

■ Neither section 1192.5 nor the aforementioned cases preclude a trial court from making this finding at the time of sentencing.[4] This manner of proceeding has been in existence in the County of Ventura for several decades. Appellant was initially represented by the office of the public defender whose attorneys are undoubtedly aware of the local manner of proceeding. The Attorney General argues that the "factual basis for the plea inquiry" can be satisfied at the sentencing hearing. We agree. ■ On April 11, 2007, appellant personally and former counsel knew that no probation was then in existence. Everyone contemplated that one would be prepared for the sentencing hearing. Appellant did not object and thus impliedly agreed to this procedure. He is estopped from attacking it. Even if there was error, it is subject to a harmless error analysis. (*People v. Holmes, supra,* 32 Cal.4th at p. 442.)

The underpinnings of the "factual basis" aspect for a guilty plea are well known. The courts want to make sure that there is some basis, "in fact," for the guilty plea. Here, that issue is easily resolved. The probation report shows a detailed description on just how and why appellant shot the victim in the head. Failure to find a factual basis at the time of the initial entry of the negotiated plea is ". . . harmless where the contents of the record support a finding of a factual basis for the conditional plea. [Citation.]" (*People v. Holmes, supra,* 32 Cal.4th at p. 443.)

A contrary ruling would be an exaltation of form over substance. Entry of a guilty plea to first degree murder with use of a firearm is serious business. Granting of relief on appeal for an asserted untimely finding of a factual basis does little to foster the orderly administration of justice and cheapens the entire plea colloquy of April 11, 2007.

Of course, it must be noted that this sudden realization of the "timely factual basis claim" is attributable to newly retained and imaginative counsel. If appellant personally, or former counsel was offended by putting this issue over to the time of sentencing, they could have objected at the time. Presumably, the prosecution could have introduced a police report to satisfy the objection.

Appellant did not "bargain" for a factual finding determination at the time of the initial entry of the guilty plea or on April 11, 2007. The timing of when this determination was to be made was and is beside the point. He bargained

---

[4] We acknowledge that there is language in the Court of Appeal opinion in *People v. Tigner* (1982) 133 Cal.App.3d 430 [184 Cal.Rptr. 61], that says the factual basis for the plea should be made "before" accepting a plea of guilty. (*Id.,* at p. 432.) This case, however, is factually distinguishable. In *Tigner,* the defendant did not agree expressly, or impliedly, that the factual inquiry could be made at the sentencing hearing.

for and received a 50-year-to-life sentence. He thus escaped from a sentence of death and a sentence of life without possibility of parole. He now observes that 50 years to life is "worse than death." We disagree with this appraisal. He has a chance of parole in the future even though he is now experiencing "buyer's remorse."

The judgment is affirmed.

Gilbert, P. J., and Coffee, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 24, 2008, S165225. Corrigan, J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.