[No. B210291. Second Dist., Div. Six. Mar. 3, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
RALPH HELMUT NITSCHMANN, Defendant and Appellant.

**COUNSEL**

Joseph D. Allen for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan Sullivan Pithey and Julie A. Harris, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**YEGAN, J.**—Fifteen years ago we said: "Ralph Helmut Nitschmann has lead a life of crime." (*People v. Nitschmann* (1995) 35 Cal.App.4th 677, 679 [41

Cal.Rptr.2d 325].) Nothing has changed except the victim's name and appellant's good fortune at the "early disposition calendar." His trial attorney succeeded in negotiating a five-year sentence before preliminary hearing and without a probation report.

When the trial court has sufficient information to make an informed judicial decision, an "early disposition calendar" is beneficial to the parties and the court.

It is ironic that appellant either seeks to withdraw from the negotiated disposition (according to his statement in support of a certificate of probable cause) or he seeks a lesser sentence as argued by newly retained counsel. As we shall explain, appellant is entitled to no relief and we affirm the judgment.

## Facts and Procedural History

On April 14, 2008, appellant allowed Ann M. to stay at his motel room. Appellant gave her $70 to purchase methamphetamine for him. Ann left and did not return. Appellant found Ann, argued with her, and punched her in the face several times. She suffered extensive injuries to her upper lip and nasal cavity which required more than 20 sutures. She said that appellant punched her because of a bad drug deal. Appellant told the police that he "only hit her a couple of times" and lost control of himself because she took his money.

As indicated, trial counsel negotiated a change of plea in which appellant waived preliminary hearing and referral to the probation department. Appellant pled guilty to assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)),[1] admitted the great bodily injury enhancement (§ 12022.7, subd. (e)), and acknowledged that he could be sentenced to a maximum of 18 years in state prison. This was his agreement with the People. The trial court went further. It told appellant's attorney that the sentence would be five years. The prosecutor asked appellant, in open court, "the commitment of five years has been made to you but no other commitments other than that have been made?" Appellant said, "yes." The trial court struck the prior allegation, denied probation, and immediately sentenced appellant to a two-year low term plus three years on the great bodily injury enhancement.

## Allocution

Appellant argues that his case should be remanded for resentencing because he was not advised of and did not waive his right to allocution.

---

[1] All statutory references are to the Penal Code.

Section 1200 provides in pertinent part: "When the defendant appears for judgment he must be informed by the Court, or by the Clerk, under its direction, of the nature of the charge against him and of his plea, . . . and must be asked whether he has any legal cause to show why judgment should not be pronounced against him." (See *In re Shannon B.* (1994) 22 Cal.App.4th 1235, 1246 [27 Cal.Rptr.2d 800] [§ 1200 codifies common law right of allocution].)

■ Section 1204, however, requires that a defendant making a mitigation statement do so under oath, subject to cross-examination. (*People v. Evans* (2008) 44 Cal.4th 590, 599 [80 Cal.Rptr.3d 174, 187 P.3d 1010].) The right is forfeited if the defendant does not offer to testify before pronouncement of sentence. (*Id.*, at p. 600.) "[N]o court has held that in a noncapital case a trial court must, on its own initiative, *offer* the defendant allocution." (*People v. Lucero* (2000) 23 Cal.4th 692, 718 [97 Cal.Rptr.2d 871, 3 P.3d 248].)

Here, the trial court found that the change of plea was knowingly and intelligently made, and admonished appellant that he had the right to have the probation department "conduct an investigation into the circumstances of the offense, into your background, into your social history, your work history, anything that might be relevant to the court in deciding the sentence in this case."

■ Appellant did not want a probation report. He said: "I'm getting five years. . . . That was the deal." The fair and only import of this statement is that appellant pled guilty for an actual sentence of five years and not for sentence vulnerability (i.e., a "cap") of five years. Thus, trial counsel did not argue for less than five years. The trial court did not ask if appellant had legal cause to show why judgment should not be pronounced, but the error was harmless. (§ 1200; see *People v. Ornelas* (2005) 134 Cal.App.4th 485, 488–489 [36 Cal.Rptr.3d 197].) Appellant's written 16-page plea agreement and waiver of constitutional rights coupled with a 10-page oral colloquy with the prosecutor and trial court clearly shows that he understood the negotiated disposition and wanted an immediate sentence. Counsel did not attempt to call appellant to testify nor did appellant say that he wanted to address the court on sentencing. In these circumstances, there was a forfeiture of defendant's right to testify in mitigation of punishment and an implied waiver of any right to personally address the court on sentencing. (*People v. Evans, supra,* 44 Cal.4th at pp. 599–600.)

■ Nowhere in the written negotiated plea agreement, the colloquy between appellant, the prosecutor and the trial court, or in the record on appeal is there any mention of the possibility of less than a five-year term. " 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the

record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193]; see also *People v. Superior Court* (*Ramos*) (1991) 235 Cal.App.3d 1261, 1266, fn. 2 [1 Cal.Rptr.2d 333].)

*Factual Basis for Plea*

Appellant argues that, before accepting a negotiated change of plea, the trial court must determine that a factual basis for the plea exists. (§ 1192.5; *People v. French* (2008) 43 Cal.4th 36, 50 [73 Cal.Rptr.3d 605, 178 P.3d 1100].) Counsel, however, may stipulate to a factual basis for the plea, as was done here. (See *People v. Holmes* (2004) 32 Cal.4th 432, 436 [9 Cal.Rptr.3d 678, 84 P.3d 366]; *People v. Mickens* (1995) 38 Cal.App.4th 1557, 1560 [45 Cal.Rptr.2d 633].) The written plea agreement further provides that the trial court could consider the police reports which, according to appellate counsel, were "lodged" with the trial court. While the timing of this "lodging" is not clear, it is clear that after sentencing, the probation department submitted a memorandum to increase appellant's custody credits from one to 16 days. The memorandum stated that appellant's attorney was contacted on June 30, 2008, and declined to attend the hearing. The memorandum, which contains a summary of the police report, was received without objection and shows a factual basis for the plea. (See *People v. Wilkerson* (1992) 6 Cal.App.4th 1571, 1576 [8 Cal.Rptr.2d 392] [appellate court may review the record and determine whether § 1192.5 error is harmless].) Appellant is estopped from attacking a procedure to find a factual basis for the plea that he agreed could be utilized. In *People v. Coulter* (2008) 163 Cal.App.4th 1117, 1119 [78 Cal.Rptr.3d 210], we said that "any error in the timing of the inquiry [was] harmless." (*Ibid.*) The same principle applies here. Counsel stipulated to a factual basis for the plea based on the allegations in the felony complaint and a consideration of the police reports.

When appellant entered the change of plea, he stated, "I'm getting five years . . . that was the deal." Having received the benefit of the bargain, appellant is estopped by his plea and should not be permitted to trifle with the courts by attempting to better the bargain through the appellate process. (*People v. Hester* (2000) 22 Cal.4th 290, 295 [92 Cal.Rptr.2d 641, 992 P.2d 569]; *People v. Coulter, supra*, 163 Cal.App.4th at pp. 1122–1123.)

*Conclusion*

We note a disturbing trend exemplified by the instant case. A defendant negotiates as favorable a disposition as possible, pleads guilty pursuant thereto, and then appeals seeking to gain some further relief. (*People v.*

*Coulter, supra*, 163 Cal.App.4th 1117; *People v. Lyons* (2009) 178 Cal.App.4th 1355 [101 Cal.Rptr.3d 241].) Newly appointed or retained counsel assist the defendant in an attempt to improve upon the negotiated disposition. This litigation strategy "does little to foster the orderly administration of justice and cheapens the entire plea colloquy . . . ." (*People v. Coulter, supra*, 163 Cal.App.4th at p. 1122.) Appellant is not entitled to relief. As our Supreme Court put it, appellant "seeks to gain relief from the sentence imposed but otherwise leave the plea bargain intact. This is bounty in excess of that to which he is entitled." (*People v. Collins* (1978) 21 Cal.3d 208, 215 [145 Cal.Rptr. 686, 577 P.2d 1026]; see also *People v. Cuevas* (2008) 44 Cal.4th 374, 383 [79 Cal.Rptr.3d 303, 187 P.3d 30].)

The judgment is affirmed.

Gilbert, P. J., and Coffee, J., concurred.