Filed 12/18/13  P. v. Cobian CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039213 |
| Plaintiff and Respondent, | (San Benito County Super. Ct. No. CR1100642) |
| v. | |
| RICARDO COBIAN, | |
| Defendant and Appellant. | |

Defendant Ricardo Cobian appeals from a conviction for dissuading a victim from reporting a crime.  On appeal, he contends that the trial court imposed a restitution fine in violation of the ex post facto clause of the United States Constitution.  We will affirm.

### FACTUAL AND PROCEDURAL HISTORY[1]

D.L. testified that defendant repeatedly raped her from the time she was seven years old to the time she was 12 years old.  During the summer of 2010, when D.L. was 14 years old, defendant told D.L. "not to say anything."  He warned her "that if anything happens to him something bad will happen to [her]."

---

[1] Given that the facts and procedural history of the case are largely irrelevant to the issue presented on appeal, we include only an abbreviated factual and procedural summary.

A jury convicted defendant of dissuading a victim from reporting a crime (Pen. Code, § 136.1, subd. (b)(1)).[2] The trial court sentenced defendant to the upper term of three years in prison, and it imposed a restitution fine of $240.

Defendant filed a timely notice of appeal. This appeal followed.

## DISCUSSION

Defendant argues that his restitution fine must be reduced because it was imposed in violation of the ex post facto clause of the United States Constitution. Specifically, he contends that the ex post facto clause required the trial court to impose a restitution fine pursuant to the version of section 1202.4 in effect at the time he committed his offense, and that the trial court erroneously imposed the restitution fine pursuant to the current version of section 1202.4.

As explained below, we find no support in the record for defendant's assertion that the trial court applied the current version of section 1202.4, and we accordingly conclude that there was no ex post facto violation.[3] We therefore will affirm.

### Background

The probation report, dated November 28, 2012, recommended a "restitution fund fine in the amount of $240.00 (1202.4(b) P.C.)." The probation report provided no information regarding the manner in which the recommended fine was calculated.

At the sentencing hearing on January 11, 2013, the trial court imposed a restitution fine of $240 pursuant to section 1202.4, subdivision (b). The trial court did not state its reasoning for selecting the amount of $240.

---

[2] Subsequent unspecified statutory references are to the Penal Code.

[3] The People contend that defendant forfeited his claim by failing to object to the restitution fine in the trial court. Because we can easily resolve defendant's claim on the merits, we will not address the issue of forfeiture.

*There Was No Ex Post Facto Violation*

Section 1202.4, subdivision (b)(1) currently provides, in relevant part: "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000)." The version of section 1202.4, subdivision (b)(1) in effect at the time of defendant's offense in summer 2010 was nearly identical to the current version, with the exception that the minimum restitution fine was only $200. That version of section 1202.4, subdivision (b)(1) stated, in pertinent part: "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony . . . ." (Former § 1202.4, subd. (b)(1), as adopted by Stats. 2009, ch. 454, § 1.)

The ex post facto clause prohibits legislation " 'which makes more burdensome the punishment for a crime, after its commission.' " (*Collins v. Youngblood* (1990) 497 U.S. 37, 42.) "A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws." (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30.) Thus, where the current version of a statute provides for a greater restitution fine than the version of that statute in effect at the time of the defendant's offense, the ex post facto clause requires the trial court to impose a restitution fine pursuant to the version of the statute in effect at the time of the defendant's offense. (See *id.* at pp. 30-31.)

" 'The general rule is that a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1517.)

3

" ' "A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." ' " (*People v. Nitschmann* (2010) 182 Cal.App.4th 705, 708-709, italics in original.)

Defendant correctly asserts that the ex post facto clause required the trial court to apply the version of section 1202.4 in effect at the time of his offense, not the current version of section 1202.4. His claim fails, however, because the record does not affirmatively show that the trial court applied the current version of section 1202.4.

Defendant assumes that because the current version of section 1202.4, subdivision (b)(1) provides for a minimum restitution fine of $240, the $240 restitution fine here was necessarily imposed pursuant to the current version of section 1202.4. The record does not affirmatively support defendant's theory: the trial court never expressed an intent to impose the minimum restitution fine, the trial court never stated that it was applying the current version of section 1202.4, and nothing in the probation report showed that the restitution fine was based on the current version of section 1202.4. Rather, the trial court and the probation report were both silent regarding the manner in which the restitution fine was calculated. Moreover, the $240 restitution fine was certainly authorized by the version of section 1202.4 in effect at that time of defendant's offense—that version of the statute gave the trial court discretion to impose a restitution fine between $200 and $10,000. Thus, on this record we must presume that the trial court properly imposed the restitution fine pursuant to the version of section 1202.4 in effect at the time of defendant's offense. (See *People v. Nitschmann, supra,* 182 Cal.App.4th at pp. 708-709.) We therefore conclude that there was no ex post facto violation.

**DISPOSITION**

The judgment is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.

5