Filed 2/24/15  P. v. Scott CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEMONE SCOTT,<br><br>    Defendant and Appellant. | 2d Crim. No. B252018<br>(Super. Ct. No. SA078285)<br>(Los Angeles County)<br>No Change in Judgment<br>MODIFICATION OF OPINION |

THE COURT:

The opinion filed herein on February 18, 2015, is modified as follows:

On page 5, the name of the appointed attorney for the appellant should read Sylvia Whatley Beckham and not SylviaWbatley.

No Change in Judgment

Not for Publication.

Filed 2/18/15  P. v. Scott CA2/6 (unmodified version)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEMONE SCOTT,<br><br>    Defendant and Appellant. | 2d Crim. No. B252018<br>(Super. Ct. No. SA078285)<br>(Los Angeles County) |

Demone Scott appeals his conviction by plea to five counts of robbery (Pen, Code, § 211)[1] and personal use of a firearm (§ 12022.53, subd. (b)).  Pursuant to the negotiated plea, appellant was sentenced to 19 years state prison.  Appellant claims that the plea agreement violates section 1192.7 (limiting plea bargains in serious felony cases) and the trial court erred in finding a factual basis for the firearm enhancement (§ 1192.5).  We affirm.

*Factual and Procedural History*

On July 26, 2011, Antoine Hicks and Jamico Wright robbed the Home Deport in Hawthorne.  (Count 4; § 211.)  Wright and Hicks forced the employees into the back office at gunpoint and ran to a freeway embankment where appellant and Darnell Hedgeman were supposed to be waiting in the getaway car.  After Hicks and Wright were arrested, the

---

[1] All statutory references are to the Penal Code unless otherwise stated.

police discovered that appellant was involved in the planning and execution of the robbery and committed identical Home Depot robberies dating back to 2008. In the other robberies, appellant forced the victims at gunpoint to go to the store safe to access the money.

A month after July 26, 2011 robbery, appellant told Hawthorne Police Detective Bradley Jackson that he was involved in the robbery and admitted committing two Home Depot robberies in 2008, a 2009 Home Depot robbery in Compton, and a 2011 Home Depot robbery in Marina del Rey. Appellant was shown store surveillance photos of the prior robberies and identified himself. Appellant's sister, Terrishia Banks, was shown the photos and cried, "Oh, my God. That's my brother!" The photos depicted appellant pointing a handgun at the robbery victims.

Appellant was charged with seven counts of robbery (§ 211; counts 4, 5, 6, 10, 12, 14, and 20), two counts of attempted robbery (§§ 664/211; counts 16 and 18), and two counts of kidnapping for purposes of robbery (§ 209, subd. (b); counts 9 and 13). Each count alleged that appellant personally used a firearm (§ 12022.53, subd. (b)) and that a principal was armed with a firearm (§ 12022, subd. (a)(1)).

After the preliminary hearing, appellant pled no contest to five counts of robbery and admitted that he personally used a firearm with respect to count 4, the July 26, 2011 robbery. (§ 12022.53, subd. (b).) Pursuant to the negotiated plea, appellant was sentenced to 19 years state prison, thereby avoiding potential life terms for aggravated kidnapping.[2] (§ 209, subd. (b)(1).)

*Section 1192.7*

Appellant argues that the plea agreement violates section 1192.7 which prohibits plea bargains in serious felony cases unless: (1) there is insufficient evidence to prove the people's case; (2) the testimony of a material witness cannot be obtained; or (3) a reduction or dismissal of the charge would not result in a substantial change in sentence. (§ 1192.7, subd. (a).) Appellant forfeited the error by not objecting at trial. (*People v. Lee* (1999) 20 Cal.4th 47, 57; *People v. Gonzales* (1986) 188 Cal.App.3d 586, 590.) The statute

---

[2] The trial court imposed a five year upper term on count 4, plus four years on the other robbery counts (one-third the midterm), plus ten years on the firearm use enhancement.

is intended to protect the public not criminal defendants. (*Ibid*.) Appellant cannot manipulate the courts by negotiating a highly favorable plea and argue, for the first time on appeal, that the plea agreement violates section 1192.7. (*Ibid*.) Appellant is estopped by his own plea. (*People v. Webb* (1986) 186 Cal.App.3d 401, 411-412.*)*

*Section 1192.5 - Factual Basis for Plea*

Appellant contends there is no factual basis for the 10-year firearm use enhancement because he was the getaway driver. Appellant admitted the enhancement and is precluded from changing his mind on appeal. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1366.)[3]

In felony cases, the trial court must satisfy itself that there is a factual basis for the plea. (§1192.5.) Although there is no federal constitutional requirement for the factual basis inquiry, section 1192.5 helps ensure that the constitutional standards of voluntariness and intelligence are met. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1183, fn. 11.) The trial court may question the defendant about the charged offense or solicit a stipulation from defense counsel that the police report or preliminary hearing transcript provides a factual basis for the plea, as was done here. (*People v. Holmes* (2004) 32 Cal.4th 432, 442.) The trial court did not abuse its discretion in accepting counsel's stipulation. (*People v. Palmer* (2013) 58 Cal.4th 110, 118-119 [defense counsel's bare stipulation, without reference to a document describing the underlying facts, sufficiently established a factual basis for plea].) Appellant is precluded from challenging the negotiated plea on appeal. (*People v. Nitschmann* (2010) 182 Cal.App.4th 705, 709; *People v. Borland* (1996) 50 Cal.App.4th 124, 127.)

---

[3] Citing *People v. Marlin* (2004) 124 Cal.App.4th 559, appellant argues that a challenge to the factual basis of a plea is cognizable on appeal where a certificate of probable cause issues. The Court of Appeal in *Voit* disagreed with *Marlin* because "[a] defendant who belatedly disputes the existence of evidence of his or her guilt is making a substantive, not a procedural claim." (*People v. Voit, supra,* 200 Cal.App.4th at p. 1370.) In *People v. Palmer* (2013) 58 Cal.4th 110, 115, our Supreme Court declined to decide whether *Marlin* or *Voit* state the better view. Appellant did file a certificate of probable cause but that does not expand the scope of issues cognizable on appeal. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1178.)

*Illegal Sentence*

Appellant contends that the trial court lacked jurisdiction to sentence him because the prosecutor inadvertently said that appellant was admitting a one-year firearm enhancement (§ 12022, subd. (a)(1)).  During the change of plea colloquy, the prosecutor asked: "And to the allegation to count 4 of 12022.53 B of the Penal Code, that you were armed with a firearm, [do you] admit that allegation, sir?"  Appellant responded,  "Yes."  The prosecution misspoke but there was no miscarriage of justice.  (Cal. Const., art. VI, § 13.)  "Superfluity does not vitiate."  (Civ. Code, § 3537.)  A negotiated plea agreement is a form of contract and is interpreted according to general contract principles.  (*People v. Feyrer* (2010) 48 Cal.4th 426, 437.)

We reject the argument that the prosecutor's erroneous description of the firearm enhancement ("armed with a firearm" rather than "personal use of a firearm") deprived the trial court of jurisdiction to sentence appellant pursuant to the negotiated plea.  No one disputes that the negotiated plea included a section 12022.53, subdivision (b) enhancement.  Appellant discussed it with counsel and said "I am taking the deal."  Nineteen years state prison is what he bargained for.  Having received the benefit of his plea bargain, appellant is not permitted to trifle with the courts by attempting to better the bargain through the appellate process.  (*People v. Hester*  (2000) 22 Cal.4th 290, 295; see also California Rules of Court, rule 4.412.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

4

Stephen A. Marcus, Judge

Superior Court County of Los Angeles

_____

Sylvia Whatley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.