Filed 2/11/26  P. v. Bustamante CA2/1
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NICK BUSTAMANTE,<br><br>    Defendant and Appellant. | B334404<br><br>(Los Angeles County<br>Super. Ct. No. NA084561) |

APPEAL from an order of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

In 2010, a jury convicted Nick Bustamante[1] of robbing a store and the people within it at gunpoint. The trial court sentenced her to 208 years to life in state prison as a third strike offender; on appeal we reduced the sentence to 133 years to life imprisonment.

In 2023, the superior court resentenced Bustamante pursuant to Penal Code[2] section 1172.75 and reduced her aggregate sentence to 86 years to life. Bustamante argues the resentencing court abused its discretion by not striking her prior strikes pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, and by not striking a five-year enhancement imposed pursuant to section 667, subdivision (a)(1) (section 667(a)(1)) for having committed a prior serious felony. She also argues that her defense counsel rendered ineffective assistance during the resentencing proceeding by not making certain arguments in favor of these outcomes. We find no error and affirm.

## BACKGROUND

### A.  Bustamante's Conviction and Sentence

On January 13, 2010, armed with a handgun, Bustamante robbed a clothing store and its occupants. During the robbery, Bustamante used the gun to force persons into a back room and threatened "somebody was going to get shot" if the women in the store did not stop "messing around" and give her money. Bustamante was later arrested at a nearby hotel where police

---

[1] Bustamante is a transgender woman.

[2] Unspecified statutory references are to the Penal Code.

3

found metal knuckles and heroin associated with her. (*People v. Bustamante* (Dec. 23, 2011, B229098) [nonpub. opn.].)

A jury found Bustamante guilty of one count of being a felon in possession of a deadly weapon (former § 12020, subd. (a)(1)),[3] one count of possessing a controlled substance (Health & Saf. Code, § 11350, subd. (a)), three counts of robbery (§ 211), and three counts of false imprisonment by violence (§ 236). Bustamante then admitted she had 16 prior strikes under the Three Strikes law, one prior serious felony, and had served four prior prison terms. The trial court denied Bustamante's motion to dismiss her prior strikes and sentenced her as a third strike offender to an aggregate sentence of 208 years to life in prison. On direct appeal, we ordered the sentence on the false imprisonment counts stayed pursuant to section 654, which reduced Bustamante's sentence to an aggregate term of 133 years to life. (*People v. Bustamante*, *supra*, B229098.)

## B.    Legal Developments After Bustamante's Sentence

"In 2012, voters enacted the [Three Strikes] Reform Act [(Reform Act)], which amended state law to authorize indeterminate third strike life sentences only when the third felony conviction is 'serious or violent,' subject to enumerated disqualifying factors. (§ 1170.12, subd. (c)(1), (2)(C).) Instead of receiving an indeterminate term for a subsequent nonserious, nonviolent felony, the Reform Act provides that, under current law, defendants will be sentenced to 'twice the term otherwise provided as punishment for the current felony conviction.' ([*Id.*],

---

[3] The statute forbidding the manufacture, import, sale, supply, or possession of metal knuckles is now codified at section 21810.

subd. (c)(1).)” *(People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838, 851 (*Guevara*).) The Reform Act also established a retrospective resentencing procedure, codified at section 1170.126, for defendants presently serving an indeterminate term of imprisonment whose sentence under current law would no longer be an indeterminate life sentence. (*Guevara*, at pp. 851-852.) Eligible defendants “shall be resentenced . . . unless the court, in its discretion, determines that resentencing . . . would pose an unreasonable risk of danger to public safety.” (§ 1170.126, subd (f).)

“Effective January 1, 2020, the Legislature eliminated . . . one-year prior-prison-term enhancements [under section 667.5, former subdivision (b)] except in cases involving prior terms for sexually violent offenses. [Citation.] Two years later, the Legislature made the change retroactive. (Stats. 2021, ch. 728, §§ 1, 3.)” (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1053-1054.) Section 1172.75 provides a resentencing process for inmates serving a term that includes a one-year prior-prison-term enhancement that is no longer valid.

## C.    Bustamante’s Resentencing

Bustamante’s robbery convictions were serious and violent felonies; her drug and weapon possession convictions were not.[4] Despite the provisions of section 1170.126, it appears that Bustamante did not petition for a recall of sentence on the subset of her convictions that were not serious or violent felonies.

---

[4] The false imprisonment convictions were likewise not serious or violent felonies, but as already mentioned, sentence was stayed on those convictions under section 654.

In 2022, the Department of Corrections and Rehabilitation (CDCR) determined that Bustamante might be eligible for resentencing under section 1172.75 because her sentence included now-invalid enhancements under section 667.5, subdivision (b).  In September 2023, the court conducted a full resentencing hearing; Bustamante was not present as she had filed a written waiver of personal appearance.  The superior court struck the invalid enhancements under section 667.5, subdivision (b).  It also reduced the sentence on the drug and weapon possession charges pursuant to the Reform Act.  For the weapon possession offense, the court sentenced Bustamante to six years, consisting of the high term of three years (see §§ 1170, subd. (h), 21810) doubled because of her prior strikes (see §§ 667, subd. (e)(1), 1170.12, subd. (c)(1)).  For the drug offense, which is now classified as a misdemeanor (Health & Saf. Code, § 11350, subd. (a)), the court imposed a sentence of six months but permanently stayed the sentence.  The court reimposed three consecutive terms of 25 years to life for robbery, along with a single five-year enhancement under section 667(a)(1) for a prior serious felony conviction.  This yielded a new aggregate sentence of 86 years to life.

## D.    Prior Appellate Proceedings

When Bustamante appealed from her resentencing, we initially held the superior court erred by reducing Bustamante's two indeterminate terms imposed for third strike nonserious, nonviolent felonies because section 1172.75 had unconstitutionally amended section 1170.126 and its public safety override.  (*People v. Bustamante* (Mar. 12, 2025, B334404) [nonpub. opn.].)  In *Guevara*, the Supreme Court rejected our conclusion, and held "that, as a matter of constitutional

6

avoidance, section 1172.75 incorporates section 1170.126's discretionary public safety override as a condition for nonserious, nonviolent third strike offenders to obtain resentencing under the revised penalty provisions of the Reform Act. Because section 1172.75 and section 1170.126, thus interpreted, operate harmoniously, the revised penalty provisions of the Reform Act may constitutionally apply at a resentencing pursuant to section 1172.75." (*Guevara, supra*, 18 Cal.5th at p. 850.)

As directed by the Supreme Court, we vacated our prior opinion and provided an opportunity for supplemental briefing. Presumably because their prior briefing assumed the eventual result in *Guevara*,[5] neither party submitted a supplemental brief.

## DISCUSSION

Before the superior court, Bustamante did not request that the court disregard her prior strike convictions or that it strike the five-year section 667(a)(1) enhancement. Nevertheless, at the resentencing hearing, the court sua sponte raised and addressed both issues. The court denied relief under *Romero* because Bustamante "has 16 prior strike convictions," all of which "involve the same class of crimes, robbery and theft, [for] which the defendant had been convicted" in the instant case. Accordingly, the court concluded that Bustamante "had no

---

[5] The People have not argued, either before the superior court or this court, that reducing Bustamante's sentence on the drug and weapons possession convictions (i.e., her nonserious and nonviolent felony convictions) "would pose an unreasonable risk of danger to public safety" (§ 1170.126, subd. (f)). Because the resentencing proceeding was consistent with *Guevara*, we do not discuss the issue further.

7

prospect of living a crime-free life." The court elected to reimpose the five-year enhancement because "there is no justification to strike that based on the court's read of the record and based on [Bustamante's] records." Bustamante's counsel did not object after the court stated these conclusions.[6]

Bustamante now challenges both rulings. She also argues that her attorney rendered ineffective assistance during the resentencing proceeding.

**A. The Court Did Not Abuse Its Discretion in Declining to Strike Bustamante's Prior Strikes or the Section 667(a)(1) Enhancement**

1. *Standard of Review*

We review the denial of a *Romero* motion and the refusal to strike an enhancement for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 371; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)

2. *The* Romero *Motion*

We perceive no abuse of discretion in the superior court's decision not to strike Bustamante's prior strikes. The court's description of Bustamante's criminal history was apt. Prior to the robberies at issue in this case, she committed 16 strike offenses beginning in 1987. The first three times she was released on parole (in 1988, 1990, and in 2004), she committed a new offense within three months of her release. She committed

---

[6] We reject Bustamante's claim that her counsel did not have a meaningful opportunity to object. Nothing in the reporter's transcript indicates the court would have been unwilling to listen to an objection had one in fact been made.

the robberies in the current case in 2010, less than two years after her most recent release from custody and while she was on parole. After being incarcerated, she had four serious rules violations. Based on these facts, the court could reasonably conclude that Bustamante was not " 'outside the . . . spirit' " (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377) of the Three Strikes law and accordingly deny her relief under *Romero*.

Bustamante argues that in denying relief, the court failed to consider several relevant factors and mitigating circumstances. She notes among other things that her prior offenses occurred many years ago, when she was in her late teens and early 20s, that she committed those crimes because of an untreated alcohol and drug addiction, that she accepted responsibility for her actions, that no one was injured as a result of her actions, and that she may have been suffering mental health problems when she committed the 2010 robbery. She argues that she is less likely to commit new offenses as a result of her advancing age (she is currently 57), and that she has made great strides toward rehabilitation since transitioning in 2021.

" ' "A judgment or order of the lower court is *presumed correct*" ' " (*People v. Nitschmann* (2010) 182 Cal.App.4th 705, 708), and Bustamante has not shown otherwise. "Absent evidence to the contrary, we presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.) No such contrary evidence exists. The court's failure to specifically mention the mitigating facts which Bustamante raises for the first time on appeal does not demonstrate an abuse of discretion. The law does not require a sentencing court to provide a statement of reasons for denying a *Romero* motion or to expressly reference any factors that militate against its decision

9

to deny such a motion. (*In re Coley* (2012) 55 Cal.4th 524, 560; *People v. Carmony*, *supra*, 33 Cal.4th at p. 376.)[7]

In the absence of a showing that a sentencing decision was irrational or arbitrary, we presume the trial court acted to achieve legitimate sentencing objectives and we do not set aside its discretionary determination. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.) The record indicates the court considered all the information presented to it relevant to its decision whether to strike Bustamante's priors.[8]

---

[7] We reject Bustamante's claim that *People v. Coddington* (2000) 23 Cal.4th 529, 644-645, overruled on other grounds in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, footnote 13, stands for the proposition that if a court breaks its silence by listing any reason for denying a *Romero* motion, it must then list each and every factor both pro and con that it considered. *Coddington* came before *Coley* and *Carmony*, and cannot have implicitly overruled them. In any event, *Coddington* is a death penalty case, not a Three Strikes case, and the portion of it to which Bustamante cites concerns a trial court's improper reliance on certain facts to deny an automatic motion to reduce penalty, not a *Romero* motion. "A case is not authority for propositions not considered." (*People v. Chavez* (2020) 54 Cal.App.5th 477, 480.)

[8] Bustamante faults the court for denying her *Romero* motion using language largely paralleling what the court stated when it denied a similar motion at the original sentencing. This does not show the court failed to consider the record before it at the resentencing, including developments that followed the original sentencing. Although the court may have used similar language in denying the *Romero* motion, the record demonstrates the court reviewed developments following the original sentencing. Before it ruled, the court stated it had reviewed

10

Bustamante essentially asks us to do what we may not—independently reweigh factors in aggravation and mitigation. (*People v. Scott* (1994) 9 Cal.4th 331, 355; *People v. Jordan* (1986) 42 Cal.3d 308, 317.)  We may not reverse the sentencing court's decision merely because reasonable people might disagree with it. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.)

     3.     *The Prior Serious Felony Enhancement*

Bustamante claims the superior court abused its discretion when imposing the five-year section 667(a)(1) enhancement because it was unaware of its discretion under section 1385 to dismiss that enhancement.  She argues three mitigating circumstances set forth in section 1385, subdivision (c) existed which the superior court did not consider, and further that the court did not have the benefit of *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*), which was decided after she was resentenced and clarified the standards for striking or imposing sentence enhancements.

On appeal, Bustamante identifies three mitigating circumstances under section 1385 as applying to her: (1) multiple enhancements were alleged in a single case (§ 1385, subd. (c)(2)(B)); (2) the current offense was connected to mental illness (*id.*, subd. (c)(2)(D)); and (3) the five-year enhancement was based on a prior conviction that is over five years old (*id.*, subd.

---

Bustamante's sentencing memorandum as well as her prison records, and commented that the prison records showed Bustamante had multiple incidents of discipline since being incarcerated.

(c)(2)(H)).[9] Two of these mitigating circumstances do not in fact apply.  Because the section 667.5, former subdivision (b) enhancements were off the table as a matter of law, multiple enhancements were *not* alleged against Bustamante.  Nor do Bustamante's prior strikes constitute enhancements for purposes of section 1385.  (E.g., *People v. Grandberry* (Jan. 22, 2026, B338353) ___ Cal.App.5th ___ [2026 WL 174484]; *People v. Burke* (2023) 89 Cal.App.5th 237, 244.)  Nor is there any record evidence that Bustamante's 2010 offense was connected to mental illness.  (§ 1385, subd. (c)(2)(D).)  The mental health evaluation on which Bustamante relies was conducted several years *after* the offense conduct and therefore is not sufficient evidence that this factor applies.  (See *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1095 [upholding finding that an offense was not connected to mental illness even though probation report showed that the defendant had been diagnosed with schizophrenia].)

The section 667(a)(1) enhancement was based on a conviction that was more than five years old.  (§ 1385, subd. (c)(2)(H)).  But that fact was known to the superior court, and we do not presume it failed to properly consider this mitigating factor merely because it did not expressly mention it.  Nothing in section 1385 requires the sentencing court to state on the record all relevant mitigating factors set forth in subdivision (c)(2) when denying relief.  Bustamante cites no case that so holds, and the rules are to the contrary.  (E.g., Cal. Rules of Court, rule 4.409 [relevant factors "will be deemed to have been considered unless

---

[9] Before the superior court, Bustamante did not ask the court to strike the section 667(a)(1) enhancement and in fact requested a sentence that included its imposition.

12

the record affirmatively reflects otherwise"]; *People v. Myers* (1999) 69 Cal.App.4th 305, 310 [same].)

Bustamante also claims we should remand for the superior court to reconsider whether to strike the section 667(a)(1) enhancement based on the Supreme Court's subsequent decision in *Walker*.  We disagree remand is required, as nothing in *Walker* altered the scope of the court's discretion in a way that would benefit Bustamante.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.]  A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Under this rule, when the Legislature enacts a new law that alters sentencing standards after a defendant has been sentenced but before the case has become final, we must remand for resentencing " 'unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*People v. Salazar* (2023) 15 Cal.5th 416, 431, quoting *Gutierrez*, *supra*, at p. 1391.) The same rule may apply when sentencing standards change because of a judicial decision, such as the Supreme Court giving trial courts previously unrecognized authority.  (E.g., *People v. Thompson* (2022) 83 Cal.App.5th 69, 114-116.)

It does not follow, however, that every Supreme Court case clarifying the application of a sentencing law requires a remand for resentencing of every pending case where the defendant was sentenced prior to the court's decision.  At the time of

13

Bustamante's resentencing hearing, Senate Bill No. 81 (2021-2022 Reg. Sess.), which created the requirement to "afford great weight to evidence . . . of . . . mitigating circumstances" when deciding whether to strike sentence enhancements (§ 1385, subd. (c)(2); Stats. 2021, ch. 721.) was already in effect. The Courts of Appeal had disagreed as to how to interpret this provision. Our colleagues in Division Two of the Second District held that "section 1385's mandate to 'afford great weight' to mitigating circumstances erects a rebuttable presumption that obligates a court to dismiss the enhancement unless the court finds that dismissal of that enhancement . . . would endanger public safety." (*People v. Walker* (2022) 86 Cal.App.5th 386, 391.) In *People v. Ortiz, supra*, 87 Cal.App.5th 1087, the Sixth District disagreed, holding that "the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement." (*Id*. at p. 1098.)

After Bustamante was resentenced, the Supreme Court sided with *Ortiz*, holding "that a trial court must 'engage[] in a holistic balancing with special emphasis on the enumerated mitigating factors,' in which the mitigating factors weigh 'strongly in favor of . . . dismissal' " of an enhancement, but with no formal presumption for dismissing enhancements. (*Walker, supra*, 16 Cal.5th at p. 1036, italics omitted, quoting *People v. Ortiz, supra*, 87 Cal.App.5th at p. 1096.)

Both before and after *Walker*, appellate courts agreed that the amended section 1385 required sentencing courts to show a preference for striking enhancements when mitigating factors are present. The disagreement was only as to the degree of that preference. (See *Walker, supra*, 16 Cal.5th at p. 1035.) There is no indication in the record that the superior court at

Bustamante's resentencing hearing was confused about how to apply section 1385, much less that the court's interpretation of the statutorily required preference is at odds with *Walker*.

Even if we assume some confusion existed about the degree of preference under section 1385 for striking enhancements when the court resentenced Bustamante, it was immaterial. Of the two interpretations before the Supreme Court, the defendant in *Walker* preferred the one that viewed the statute as creating "a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety." (*Walker*, *supra*, 16 Cal.5th at p. 1033.) The Supreme Court instead chose an interpretation that allows for the possibility of "credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id.* at p. 1038, quoting *People v. Ortiz*, *supra*, 87 Cal.App.5th at p. 1098.) In other words, to the extent *Walker* altered the scope of courts' sentencing discretion, it served only to give courts greater discretion not to strike enhancements.

We do not see how it could benefit Bustamante to require the superior court to conduct a new resentencing hearing with instructions not to impose a presumption in favor of striking sentence enhancements. In these circumstances, a remand for additional resentencing is not required because "it would be idle to do so." (*People v. Salazar*, *supra*, 15 Cal.5th at p. 431.)

## B. Bustamante's Ineffective Assistance Claim Fails

Bustamante claims her counsel at the resentencing hearing rendered ineffective assistance by failing to make motions and to advocate for striking her prior strikes and the five-year section 667(a)(1) enhancement. A defendant claiming ineffective

15

assistance of counsel must show that her counsel's performance was deficient and a reasonable probability that, "but for" counsel's unprofessional errors, the result would have been more favorable to the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 684-695 [104 S.Ct. 2052, 80 L.Ed.2d 674]; *People v. Mickel* (2016) 2 Cal.5th 181, 198.) When a defendant fails to establish prejudice, we need not address the issue of deficient performance. (*People v. Maury* (2003) 30 Cal.4th 342, 416.)

" 'Competent counsel is not required to make all conceivable motions or to leave an exhaustive paper trail for the sake of the record. Rather, competent counsel should realistically examine the case, the evidence, and the issues, and pursue those avenues of defense that, to their best and reasonable professional judgment, seem appropriate under the circumstances.' " (*People v. Montoya* (2007) 149 Cal.App.4th 1139, 1147-1148.) Put differently, we do not fault a lawyer for failing to make arguments he or she could reasonably determine would be futile. (*People v. Price* (1991) 1 Cal.4th 324, 386.)

Defense counsel did not render ineffective assistance with regard to the *Romero* motion. One could reasonably question a defense counsel who failed to request a court strike a limited number of prior strikes, but no such question lingers when the client has *16* prior strikes. It was reasonable for Bustamante's counsel to believe it would be futile to ask the resentencing court to strike at least 15 of those 16 prior serious felony convictions, as would be required to impose a second strike sentence on the robbery convictions. Moreover, we see no reasonable probability Bustamante would have secured a more favorable result if her counsel had made that argument when the court sua sponte considered the question. The court recognized that Bustamante

16

had repeatedly committed robberies over many years, that she had received lenience from a prior sentencing court that could have imposed a third-strike sentence, that she was on parole at the time she committed the current offenses, and that she committed four serious violations of prison rules while in custody for the current offenses. There is no reasonable probability the superior court would have struck 15 of the prior strikes even if it had been asked to do so.

The same holds true for the five-year section 667(a)(1) enhancement. Defense counsel had no obligation to argue two of the mitigating circumstances Bustamante identifies. As discussed above, the arguments that multiple enhancements were alleged (§ 1385, subd. (c)(2)(B)) and that the current offense was connected to mental illness (*id*., subd. (c)(2)(D)) lacked any legal or evidentiary support. Counsel could have highlighted for the court that the prior serious felony was over five years old, but that was obvious from the probation report and sentencing record, and we presume the court was aware of its obligation to give that factor "great weight." (§ 1385, subd. (c)(2).) We see no reasonable possibility that if counsel had pointed something out to the court, about which the court was already aware, the court would have dismissed the five-year enhancement given the aggravating factors in the sentencing record to which the court pointed during the resentencing hearing.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

M. KIM, J.