Filed 4/28/14  P. v. Cesmat CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063796 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN312558) |
| JESSE CESMAT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Jesse Cesmat appeals from a judgment following his guilty plea to one count of assault with force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).) Cesmat contends that the trial court improperly accepted his guilty plea without conducting an adequate factual inquiry. We conclude that the trial court did not abuse its discretion in establishing a factual basis for the guilty plea, and we accordingly affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

An information charged Cesmat with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), resisting an officer (*id*., § 148, subd. (a)(1)), and two counts of hit and run driving (Veh. Code, § 20002, subd. (a)).

Cesmat reached a deal to plead guilty to one count of assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)). The factual basis for the plea was set forth in the guilty plea form that Cesmat filled out and signed. On the portion of the form asking Cesmat to describe the facts as to each charge (par. 15) Cesmat stated, "I committed an assault with force likely to produce great bodily injury on another." At the hearing on the guilty plea, the trial court referred to Cesmat's statement on the guilty plea form. The trial court asked, "Sir, says [in] paragraph 15 the reason you are pleading guilty today is because you committed assault with force likely to produce great bodily injury on another. Is that what you did?" Cesmat answered, "Yes." Cesmat was represented by counsel, who stated that he joined in the plea and believed that

2

Cesmat was making a knowing, voluntary and intelligent waiver of his constitutional rights. Further, Cesmat confirmed that he had carefully reviewed the guilty plea form with his attorney.

The trial court accepted Cesmat's guilty plea and sentenced him to three years of formal probation.

The probation officer's report, filed after Cesmat's guilty plea and before sentencing, describes the events leading to the criminal charges. Based on information in the police report, the probation officer stated that Cesmat was involved in a minor traffic collision but did not stop to exchange information with the other driver. The other driver followed Cesmat into a parking lot where the two men had a confrontation. When Cesmat tried to move his car, the other driver stood in front of Cesmat's vehicle, and Cesmat accelerated toward him, causing the man to be thrown into the air.

Following sentencing, Cesmat obtained a certification of probable cause and filed this appeal, contending that the trial court improperly accepted his guilty plea without establishing a factual basis.

## II

## DISCUSSION

The sole issue is whether there is merit to Cesmat's contention that the trial court prejudicially erred by accepting Cesmat's guilty plea without conducting an adequate factual inquiry.

3

A.     *The Trial Court Did Not Abuse Its Discretion in Establishing the Factual Basis for the Guilty Plea*

Penal Code section 1192.5 provides that upon accepting a conditional guilty plea, "[t]he court shall . . . cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea." (*Ibid*.) " 'The purpose of the requirement is to protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged. [Citation.] Inquiry into the factual basis for the plea ensures that the defendant actually committed a crime at least as serious as the one to which he is willing to plead.' " (*People v. French* (2008) 43 Cal.4th 36, 50-51 (*French*).)

As Cesmat challenges the procedures the trial court used in establishing a factual basis for his guilty plea, "the claim the trial court failed to establish a factual basis for defendant's plea under [Penal Code] section 1192.5 is cognizable on appeal." (*People v. Palmer* (2013) 58 Cal.4th 110, 115.) " 'The trial court's acceptance of the guilty plea, after pursuing an inquiry to satisfy itself that there is a factual basis for the plea, will be reversed only for abuse of discretion.' " (*Id*. at p. 119.)

"[A] trial court possesses wide discretion in determining whether a sufficient factual basis exists for a guilty plea." (*People v. Holmes* (2004) 32 Cal.4th 432, 443 (*Holmes*).) Among other approaches, "the court may develop the factual basis for the plea on the record through its own examination by having the defendant describe the

4

conduct that gave rise to the charge, or question the defendant regarding the detailed factual basis described in the complaint or written plea agreement." (*Id.* at p. 444.)

Here, the trial court followed this procedure by directly inquiring of Cesmat as to the factual basis for his plea. Specifically, the trial court asked Cesmat to confirm that he took the actions stated in paragraph 15 of the guilty plea form, namely that he committed an assault with force likely to produce great bodily injury on another.

Cesmat does not take issue with the trial court's approach of making a direct inquiry of the defendant to establish the factual basis for the plea. Instead, Cesmat complains that the inquiry was not thorough enough. He contends that "the trial court simply recited the statutory language," and "[t]he actions that constitute sufficient 'force' and the meaning of 'great bodily injury' are not self-explanatory." We disagree.

The crime of assault with force likely to produce great bodily injury is a simple and self-explanatory crime that a layperson is able to understand merely from the everyday words describing the crime. The trial court is not required "to interrogate a defendant personally in an element by element manner about the factual basis for his guilty plea." (*People v. Watts* (1977) 67 Cal.App.3d 173, 180.) Our Supreme Court has approved similarly brief inquiries of a defendant. In *Holmes* it was sufficient that "[t]he trial court asked defendant if he received a copy of the complaint, asked him if he did what was described in the complaint, and then concluded that a factual basis existed for the conditional plea[,]" even though "[t]he trial court did not conduct an extensive inquiry with defendant to develop the factual basis on the record . . . ." (*Holmes*, *supra*, 32 Cal.4th at p. 443.) In the course of its discussion in *Holmes*, at page 443, our Supreme

5

Court also approved the trial court's truncated approach in *People v. Calderon* (1991) 232 Cal.App.3d 930, 935 (*Calderon*), in which the defendant's "statement he intentionally tried to kill someone constituted an adequate factual basis for attempted murder." (*Calderon*, at p. 935).[1]

Accordingly, although "a bare statement by the judge that a factual basis exists . . . is inadequate" (*Holmes*, *supra*, 32 Cal.4th at p. 436), that is not what happened here. The trial court specifically asked Cesmat to establish the factual basis for his guilty plea by having him confirm the truth of the statement in paragraph 15 of the guilty plea form that Cesmat committed assault with force likely to produce great bodily injury on another. Although the inquiry was brief, the crime was not complex. The trial court's questioning of Cesmat was accordingly adequate to insure that this was not a situation where " 'although he realizes what he has done' " the defendant " 'is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged.' " (*French*, *supra*, 43 Cal.4th at pp. 50-51.) We therefore conclude that the trial court did not abuse its discretion in establishing a factual basis for the guilty plea.

B.      *Any Error Was Harmless*

Although we conclude that the trial court did not err in its inquiry into the factual basis for the guilty plea, if any such error occurred, it would be harmless.

---

[1]      In *Calderon*, "[t]he entire factual basis, under the court's inquiry, was as follows: 'That on March 14, 1989 in Orange County you attempted to kill Hiep Bui with a firearm and that you shot Felix Angel, inflicting great bodily injuries while attempting to shoot Mr. Bui? Is that true?' " (*Calderon*, *supra*, 232 Cal.App.3d at p. 935, fn. 1.)

"Failure to find a factual basis at the time of the initial entry of the negotiated plea is '. . . harmless where the contents of the record support a finding of a factual basis for the conditional plea.' " (*People v. Coulter* (2008) 163 Cal.App.4th 1117, 1122.) "If the trial court fails to make an on-the-record inquiry as to the factual basis for the plea, the appellate court is free to review the record and determine whether the error is harmless, i.e., whether the record contains sufficient information to ensure the defendant committed the acts to which the plea was entered." (*People v. Wilkerson* (1992) 6 Cal.App.4th 1571, 1576.)

Thus, for instance, in *People v. Mickens* (1995) 38 Cal.App.4th 1557, 1559, 1564-1565, the trial court's error in failing to establish the factual basis for a plea was harmless because a probation report, which referred to the details of the defendant's crime in a police report, was contained in the appellate record and established a factual basis for the guilty plea. Our Supreme Court has favorably cited *Mickens*, explaining that when "appellate counsel claims the plea lacks an adequate factual basis, the appellate court may review the probation report to see if it establishes a factual basis for the plea." (*People v. Trujillo* (2006) 40 Cal.4th 165, 185.)

Here, the probation report is in the appellate record, and it extensively details the facts of the assault committed by Cesmat as described in a police report, supporting a finding that Cesmat committed assault with a force likely to cause great bodily injury by accelerating his vehicle at another person and throwing him into the air. Accordingly, any error by the trial court in establishing the factual basis for Cesmat's guilty plea was harmless.

DISPOSITION

The judgment is affirmed.

_____
IRION, J.

WE CONCUR:


_____
NARES, Acting P. J.


_____
AARON, J.

8