Filed 5/27/14  P. v. Flores CA2/6

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OTILIA FLORES and ALIZON FLORES,<br><br>    Defendant and Appellant. | 2d Crim. No. B252492<br>(Super. Ct. No. LA067000-01-02)<br>(Los Angeles County) |

Otilia Flores and Alizon Flores appeal a July 24, 2013 order denying their petitions for writ of error coram nobis to vacate their 2011 pleas to first degree residential burglary.  (Pen. Code, § 459.)[1]  Appellants claim that trial counsel failed to advise them on the immigration consequences of such a conviction before the change of plea was entered. Constitutional claims of ineffective assistance of trial counsel may not be remedied by a writ of error coram nobis.  (*People v. Kim* (2009) 45 Cal.4th 1078, 1104; *People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1147-1148.)  We affirm the judgment.

*Procedural History*

On December 15, 2011, appellants entered a change of plea to one count of residential burglary in exchange for a low term, two-year state prison sentence with credit for time served.  The change of plea was pursuant to a "Felony Advisement of Rights,

---

[1] All statutory references are to the Penal Code.

Waiver and Plea" that was initialed and signed by appellants.  Under the section entitled "CONSEQUENCES OF MY PLEA,"  appellants initialed an "**Immigration Consequences**" clause that stated:  "I understand that if I am not a citizen of the United States, I must expect my plea of guilty or no contest will result in my deportation, exclusion from admission or reentry to the United States, and denial of naturalization and amnesty."

When the change of plea was entered, appellants acknowledged that they understood the nature of the charges, the disposition and settlement terms, and the immigration consequences of the plea.  Appellants confirmed that they discussed the change of plea with their respective attorneys and understood and agreed with what was stated on the change of plea form.  Appellants also initialed paragraph 15 of the plea agreement which stated:  "I offer my plea of guilty of no contest freely and voluntarily and with full understanding of all the matters set forth in the pleadings and in this form. No one has . . . made any promises to me, except as set out in this form, in order to convince me to plea guilty or no contest."

Before the change of plea was entered, the trial court questioned appellants about the immigration consequences of the plea:  "I just want to make sure you fully understand, given the nature of the case.  [¶]  If you are not a citizen of this country, a conviction of the offense that you're pleading to will have the consequences of deportation, removal, exclusion from admission to the United States, denial of reentry, and denial of naturalization pursuant to United States law, as well as denial of amnesty. Do you understand that?"  Appellants answered,  "Yes."

Appellants were sentenced on August 9, 2012, to two years state prison with credit for 730 days served.  In March 2013, appellants were taken into immigration custody.  On April 26, 2013, appellants retained new counsel and filed coram nobis petitions alleging that their previous attorneys told them that no negative immigration consequences would result from the plea.

Citing *People v. Mbaabu*, *supra,* 213 Cal.App.4th 1139 and *People v. Shokur* (2012) 205 Cal.App.4th 1398, the trial court denied the petitions on the theory

2

that a claim of ineffective assistance of counsel may not be raised in a coram nobis petition. Under principles of stare decisis, we are bound by *People v. Kim, supra,* 45 Cal.4th 1078. The trial court did not err in denying the coram nobis petitions for want of jurisdiction. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) It is settled that claims of ineffective assistance of counsel are not cognizable by coram nobis where the defendant alleges that trial counsel failed to advise defendant on the adverse immigration consequences of a guilty plea. (*People v. Kim, supra,* 45 Cal.4th at p. 1104; *People v, Mbaabu, supra,* 213 Cal.App.4th at p. 1148; *People v. Shokur, supra,* 205 Cal.App.4th at pp. 1403-1404.)

*Ineffective Assistance of Counsel*

Even if the appeals could be considered on the merits, appellants make no showing they were denied effective assistance of counsel. (*Strickland v. Washington* (1984) 466 U.S. 668 [80 L.Ed.2d 674].) Appellants cite *Padilla v. Kentucky* (2010) 559 U.S. 356 [130 S.Ct. 1473] (*Padilla*) for the principle that relief may be available where the defendant's trial attorney fails to advise defendant of the immigration consequences of a guilty plea. There, a native of Honduras, plead guilty to transporting marijuana based on his attorney's advice that defendant " ' "did not have to worry about immigration status since he had been in the country so long." ' [Citation.]" (*Id.*, at p. 359 [130 S.Ct. at p. 1478].) The *Padilla* court analyzed whether trial counsel's representation fell below an objective standard of reasonableness, the test set out in *Strickland v.* Washington, *supra,* 466 U.S. 688 [80 L.Ed.2d 674].) (*Padilla*, *supra,* 559 U.S. at pp. 366-367 [130 S.Ct. at pp. 1482-1483].) "When the law is not succinct and straightforward . . . , a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. [Fn. omitted.] But when the deportation consequence is truly clear . . . , the duty to give correct advice is equally clear." (*Id.*, at p. 369 [130 S.Ct. at p. 1483].)

Appellants argue they would not have pled guilty had they known of the adverse immigration consequences. The change of plea documents state that appellants read, understood, and agreed with the "Immigration Consequences" advisement and

3

discussed it with trial counsel.  The trial court specifically advised appellants that the conviction would have deportation consequences.  Appellants acknowledged that that they understood and wanted to proceed.

To prevail on a *Padilla* claim appellants must show deficient performance by counsel and resulting prejudice.  (*Padilla, supra,* 559 U.S. at p. 366 [130 S.Ct. at p. 1482, citing *Strickland v. Washington, supra,* 466 U.S. at pp. 687-688 [80 L.Ed.2d at p. 693].)  "A defendant must prove prejudice that is a ' "demonstrable reality," not simply speculation.' [Citations.]"  *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)

The *Padilla* court held that it is critical that trial counsel "inform her noncitizen client that [s]he faces a risk of deportation." (*Id.*, at pp. 373-374 [130 S.Ct. at p. 1486].)  The warnings here were strongly worded, were set forth in the change of plea document and initialed by appellants, and were repeated on the record.  Appellants were told they would suffer adverse immigration consequences, which is all that *Padilla* and section 1016.5 require.[2]  Appellants initialed the "immigration consequences" advisement and confirmed that they discussed it with defense counsel.  Defense counsel attested that they "explained each of the defendant's rights to the defendant and answered all of his or her questions with regard to those rights and this plea.  I have also discussed the facts of the case with the defendant, and . . . . discussed the consequences of the plea."   The trial court went the extra mile and warned appellants that "a conviction of the offense that you're pleading to will have the consequences of deportation, removal, exclusion from admission to the United States, denial of reentry, and denial of naturalization pursuant to

---

[2] Section 1016.5, subdivision (a) provides:  "Prior to acceptance of a plea of guilty or nolo contendre to any offense punishable as a crime under state law, . . . the court shall administer the following advisement on the record to the defendant:  [¶]  If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  In *People v. Arriaga* (2014) 58 Cal.4th 950, 681, our Supreme Court held that the section 1016.5 advisement was established based on the prosecutor's custom and practice and a checked box on a minute order stating: " 'Defendant advised of possible effects of plea on any alien or citizenship/probation or parole status.' "

United States law, as well as denial of amnesty. [¶] Do you understand that? Appellants responded "Yes."

Appellants filed boilerplate declarations 16 months later stating that they were told there would be no negative immigration consequences.[3] A defendant's self-serving claim about ineffective assistance of counsel must be corroborated independently by objective evidence. (*In re Resendiz* (2001) 25 Cal.4th 230, 253; *In re Alvernaz* (1992) 2 Cal.4th 924, 938.) Appellants offer none.

To satisfy the *Strickland* prejudice prong, appellants must also show that it is reasonably probable they would not have entered the change of plea had they been advised of the adverse immigration consequences. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 209-210.) Appellants were charged with two counts of first degree residential burglary and faced a maximum exposure of seven years four months state prison. Pursuant to the negotiated plea, one burglary count was dismissed and appellants received a low term, two-year sentence with credit for 730 days served. Appellants clearly got the benefit of the bargain and were warned, both orally and in writing, that there would be adverse immigration consequences. The written plea agreement and change of plea proceeding should not be "cheapened" by appellants' simple change of mind, i.e., "buyer's remorse." (*People v. Coulter* (2008) 163 Cal.App.4th 1117, 1122-1123.)

"In determining whether or not a defendant who has pled guilty would have insisted on proceeding to trial had he received competent advice, an appellate court . . . may consider the probable outcome of any trial, to the extent that may be discerned. [Citation.]" (*In re Resendiz, supra,* 25 Cal.4th at p. 254.) Appellants' chances at trial were dismal. Appellant Otilia Flores told the police she committed the burglaries

---

[3] Appellants' supporting declarations are not properly verified (Code Civ. Proc., § 2015.5) and say that "[a]t the time of entering my plea of nolo contendere, [sic.] [Attorney] Michael Gottlieb advised me that I would not be subject to any negative immigration consequences." Appellant Alizon Flores was represented by David Sakata, not Gottlieb.

because she needed money. Appellant Alizon Flores said she noticed they were being watched when she and Otilia left the first burglary.

"While it is true that by insisting on trial [appellants] would for a period have retained a theoretical possibility of evading the conviction that rendered [them] deportable and excludable, it is equally true that a conviction following trial would have subjected [them] to the same immigration consequences." (*In re Resendiz, supra,* 25 Cal.4th at p. 254.) Appellants have made no evidentiary showing that they would have proceeded to trial had they received a different immigration consequences advisement. (*Padilla, supra,* 559 U.S. at p. 369 [130 S.Ct. at pp. 1483-1484 *People v. Totari* (2002) 28 Cal.4th 876, 884.)

The judgments (order denying the coram nobis petitions) are affirmed, NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

6

Thomas Rubinson, Judge

Superior Court County of Los Angeles

_____

Zulu Ali, under appointment by the Court of Appeal, for Defendants and Appellants.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.