Filed 9/21/22  P. v. Hererra CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FREDDY HERERRA,<br><br>Defendant and Appellant. | F083509<br><br>(Kern Super. Ct. No. LF013609A)<br><br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Michael E. Dellostritto, Judge.

Martin Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Tia M. Coronado, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Meehan, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Freddy Hererra contends on appeal that his case should be remanded to afford him an opportunity to withdraw his plea because the record did not establish an adequate factual basis. We affirm.

## PROCEDURAL SUMMARY

On July 15, 2021, the Kern County District Attorney filed a complaint charging defendant with first degree robbery (Pen. Code,[1] § 212.5, subd. (a); count 1); assault with a firearm (§ 245, subd. (a)(2); count 2); and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 3). It was further alleged as to count 1 that defendant personally used a firearm (§ 12022.5, subd. (a)). For all three counts, it was alleged defendant had one prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On July 23, 2021, defendant initialed and signed a "Felony Advisement of Rights, Waiver and Plea Form," pled no contest to robbery (count 1), and admitted the prior strike conviction, for a negotiated disposition of six years (low term of three years, doubled pursuant to the Three Strikes law). On the prosecutor's motion, all other counts and allegations were dismissed.

On October 19, 2021, defendant filed a motion to withdraw his plea. On October 26, 2021, the prosecution filed an opposition.

On November 4, 2021, the trial court denied defendant's motion to withdraw his plea and sentenced him to the agreed-upon negotiated disposition. Defendant was sentenced to six years (the low term, doubled) on count 1.

On November 5, 2021, defendant filed a notice of appeal and request for a certificate of probable cause. The request for a certificate of probable cause was granted that same day.

---

[1] All statutory references are to the Penal Code.

## FACTUAL SUMMARY

On July 13, 2021, defendant and another man entered the victim's bedroom. Defendant closed and locked the door behind them. With defendant pointing a gun at the victim, the other man grabbed the victim's watch and pulled it off his wrist. Defendant then demanded money from the victim, and when the victim opened his wallet, defendant took two $20 bills and five $1 bills. Before leaving the room, the other man threw the victim's watch on the floor.

## DISCUSSION

Defendant contends the trial court abused its discretion when it accepted his plea because the factual basis was insufficient. He argues his plea was invalid because (1) the trial court failed to consider the contents of the police reports stipulated to by the parties as the factual basis, until after the trial court accepted his plea; (2) he was not afforded sufficient notice of the conduct alleged to prove each element of the offense before he entered his plea; and (3) he did not understand the strength of the case against him because he had not considered the contents of the police report, which was stipulated to by the parties as the factual basis, until after the plea was accepted. The People respond that (1) none of those purported failures rendered his plea invalid, and (2) any error was harmless because the police reports provided a factual basis for the plea. We agree with the People on both accounts.

### A.    *Background*

During the plea colloquy, the trial court told defendant that it wanted to talk to him about the change of plea form before it accepted his plea.

The form, initialed and signed by defendant and signed by defense counsel, listed the charges to which defendant was pleading, waived certain constitutional rights, stated the consequences of the plea, and affirmed that defense counsel had discussed the facts of

3

the case with defendant and explained the consequences of the plea, elements of the offense, and possible defenses.

Defendant indicated to the trial court that he had gone over the form with defense counsel, initialed and signed the form, understood each of the rights he was giving up, and had no questions about it.

The trial court then asked the parties, "Is there a stipulation there's a factual basis for the plea … to Count 1 and the prior strike allegation … based on the offenses reports …?"[2] Both the prosecution and defense counsel responded, "So stipulated."

The trial court did not review the contents of the police reports before it accepted defendant's plea.[3]

After obtaining a certificate of probable cause (see § 1237.5, subd. (b)), defendant appealed on the ground that his counsel's stipulation failed to satisfy the requirements of section 1192.5.

### B. Law

"When a trial court takes a conditional plea of guilty or … no contest[] to an accusatory pleading charging a felony, under … section 1192.5 it must 'cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea.' ' "The purpose of the requirement," ' …

---

[2]    The parties agree that "offenses reports" refers to the police reports.

[3]    Later, defendant moved to withdraw the plea. During the hearing on defendant's motion, the trial court stated that it had not yet read the reports. Upon reviewing the reports, the trial court stated, "One of the witnesses said they closed their eyes. [¶] However, the victim said he had a gun pointed at him. Another witness, however, … said he saw him with a gun as well. So it does have some, you know—to the extent that he never got to read the police reports, there's no requirement that he absolutely read every—the entirety of the police reports. [¶] I have no reason to believe he didn't understand enough about the case when he entered the plea, and I did—and he did certainly have sufficient time to discuss it with [defense counsel]. [¶] So based on what I've read and considered, I'm going to deny the motion at this time."

4

' "is to protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged." ' " (*People v. Palmer* (2013) 58 Cal.4th 110, 112–113 (*Palmer*).)

" '[A] trial court possesses wide discretion in determining whether a sufficient factual basis exists for a … plea. The trial court's acceptance of the … plea, after pursuing an inquiry to satisfy itself that there is a factual basis for the plea, will be reversed only for abuse of discretion.' " (*Palmer*, *supra*, 58 Cal.4th at pp. 118–119.)

If there is error, it will be deemed harmless if the record supports a finding of a factual basis for the conditional plea. (*People v. Holmes* (2004) 32 Cal.4th 432, 443 (*Holmes*).)

### C. Analysis

The trial court did not abuse its discretion in finding a factual basis for defendant's no contest plea. The trial court was not required to review the contents of the specific documents to which the parties stipulated as the factual basis for defendant's plea before accepting his plea, and although defendant also had not reviewed the police reports before he entered his plea, the factual basis and plea colloquy show that defendant was afforded sufficient notice of the conduct alleged, possible defenses, and the strength of the case against him. Furthermore, as the record supports a finding of a factual basis for defendant's conditional plea, any error is harmless.

#### 1. *Factual Basis*

Defendant contends the factual basis for his plea was insufficient because, while defense counsel and the prosecution both stipulated to the police reports as the factual basis for defendant's plea, the trial court did not "consider" the contents before accepting his plea. We see no error.

5

The trial court must "make *an inquiry* to satisfy itself that there is a factual basis for a conditional plea of guilty or no contest." (*Palmer*, *supra*, 58 Cal.4th at p. 118.) "[T]he trial court can satisfy this requirement by inquiring of defense counsel regarding the factual basis of the plea, in which case … 'it should request that defense counsel stipulate to a particular document that provides an adequate factual basis, such as a … police report ….' " (*Palmer*, at pp. 112–113.)

A trial court may also "satisfy its statutory duty by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to … refer to a document in the record …," as long as "the plea colloquy reveals that the defendant has discussed the elements of the crime and any defenses with his or her counsel and is satisfied with counsel's advice." (*Palmer*, *supra*, 58 Cal.4th at p. 118.) *Palmer* did not hold that an explicit inquiry was required. Instead, *Palmer* suggested that the plea colloquy, as a whole, must "reveal[ ] that the defendant … is satisfied with counsel's advice." (*Ibid*.)

Here, both requirements were met: the parties stipulated to a factual basis based on the police reports and an inquiry was made of defendant during the plea colloquy. As *Palmer* does not require that a specific document be identified to provide the factual basis, it does not matter whether the trial court considered the contents of the police reports when it accepted defendant's plea, so long as defendant had time to discuss the elements and defenses with defense counsel. The trial court here solicited stipulations from both counsel referring to the police reports to obtain a factual basis for the plea. In addition, defendant affirmed during the plea colloquy that he had "discussed [the plea agreement] with [defense counsel]," "went over [the plea form] with [defense counsel]," "[understood] each of the rights that [he was] giving up and the consequences of the plea that [they] discussed and [were] further explained to [him] on the form," and indicated that he understood, initialed, and signed the plea agreement, in which he initialed the

6

boxes that read, "I understand the charge(s) against me, and the possible pleas and defenses to the charge(s)," and "I have had enough time to speak with my attorney regarding the strengths of the case against me [and] any possible defenses that I may have …."

Accordingly, as the parties stipulated to the police reports as the factual basis for defendant's plea, and the plea colloquy reveals that defendant discussed the elements of the offense and any defenses with defense counsel and was satisfied with counsel's advice, the factual basis for defendant's plea was sufficient.

### 2. *Notice of the Conduct Alleged*

Defendant next appears to contend that "he was not afforded sufficient notice of the conduct alleged to prove each element of the offense" and "therefore, he was unable to recognize whether his acts constituted the offense to which he pled." We disagree.

"The trial court must 'cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea' … ' "to protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged." ' " (*Palmer*, *supra*, 58 Cal.4th at pp. 112–113.)

"The factual basis required by section 1192.5 does not require more than establishing a prima facie factual basis for the charges." (*Holmes*, *supra*, 32 Cal.4th at p. 441, fns. omitted.) The trial court is not required to "obtain an element-by-element factual basis" (*People v. Marlin* (2004) 124 Cal.App.4th 559, 572), to "interrogate the defendant about possible defenses to the charged crime," or to be "convinced of [the] defendant's guilt." (*Holmes*, at p. 441, fns. omitted).

Here, during the plea colloquy, defendant indicated to the trial court that he had discussed with defense counsel each of the rights that he was giving up and the consequences of the plea, and was satisfied with defense counsel's advice, and that he

7

understood the plea form that he initialed and signed, which affirmed that defense counsel had discussed the facts of the case with defendant and explained the consequences of the plea, elements of the offense, and possible defenses. As only a prima facie basis for the charge is required by section 1192.5, and there was a factual basis for defendant's plea and the plea colloquy reveals defendant was satisfied with defense counsel's advice, we find defendant was afforded sufficient notice of the conduct alleged at the time he entered his plea.

### 3. *Possible Defenses and Strength of the Case*

Defendant next contends that he was prejudiced by not being provided with notice of possible defenses prior to entering his no contest plea; "thus the plea was not knowing and voluntary." He further argues that because he had not personally reviewed the contents of the reports before the trial court accepted his plea, he did not " 'necessarily understand the *strength* of the case that was against him' " at the time he entered his plea. We disagree.

First, as stated above, the trial court is not required to "interrogate the defendant about possible defenses to the charged crime," or to be "convinced of [the] defendant's guilt." (*Holmes*, *supra*, 32 Cal.4th at p. 441, fns. omitted).

Second, there is no requirement that defendant personally review the contents of the documents that are stipulated to as the factual basis for defendant's plea before defendant's plea is entered. Defense counsel was authorized to stipulate to the factual basis on behalf of defendant, as defense counsel has "broad authority to stipulate to factual and procedural matters on his client's behalf. Even at trial, counsel may stipulate to the existence or nonexistence of essential facts. [Citation.] Counsel may also stipulate to the admissibility of evidence or to narrow the range of litigable issues. [Citations.] Stipulations obviate the need for proof and are independently sufficient to resolve the matter at issue in the stipulation." (*Palmer*, *supra*, 58 Cal.4th at p. 118.) "[A] rule

8

limiting trial courts' discretion to accept conditional pleas predicated on stipulations by counsel would raise potential concerns for the defense function." (*Id.* at p. 119.)

Defendant relies on *People v. Ramirez* (2006) 141 Cal.App.4th 1501 (*Ramirez*), where the defendant moved to withdraw his plea because he was unaware of the contents of a police report when he entered his no contest plea. (*Id.* at p. 1505.) Defendant argues that the *Ramirez* court found that even though the contents of the report did "not uncontrovertibly exonerate" the defendant, the fact that the report provided the defendant with notice of "possible" defenses and the fact that the defendant had asserted in his declaration that "earlier discovery of the report would have affected his decision to enter a plea" provided sufficient evidence that his plea was not knowing and voluntary and that he was prejudiced by the trial court's denial of his motion to withdraw the plea. (*Id.* at pp. 1506, 1508.)

*Ramirez*, however, is distinguishable. First, *Ramirez* addressed a motion to withdraw a plea under section 1018.[4] (*Ramirez, supra*, 141 Cal.App.4th at pp. 1505–1506.) Here, however, as discussed above, the issue is whether the trial court abused its discretion when it accepted defendant's plea under section 1192.5. Furthermore, defendant fails to note that in *Ramirez*, the supplemental police reports containing exculpatory evidence were not disclosed by the prosecution until after defendant entered his plea of no contest. (*Id.* at pp. 1504–1506.) Consequently, the defense counsel in *Ramirez* was not able to review the contents of the supplemental reports until after he

---

**4** Section 1018 provides, "[o]n application of the defendant at any time before judgment … the court may … for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted.… This section shall be liberally construed to effect these objects and to promote justice." (§ 1018; *Ramirez, supra*, 141 Cal.App.4th at p. 1506.) " 'Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea,' " but must be shown by " 'clear and convincing evidence.' " (*Ramirez*, at p. 1506; *People v. Cruz* (1974) 12 Cal.3d 562, 566.)

advised the defendant to enter his plea. (*Id*. at pp. 1506–1507.) The defense counsel in *Ramirez* stated that the supplemental report "would have affected [his] evaluation of the case, and would have altered [his] advice to [the defendant] regarding whether he should accept the plea bargain agreement. … [He] would have advised [the defendant] to go forward with the preliminary hearing before deciding whether or not to accept the plea bargain offer." (*Id*. at p. 1507.) The *Ramirez* court found that the defendant's showing of good cause was sufficient that his ignorance of the supplemental police reports materially affected his decision to accept the plea agreement, due to the extrinsic cause of the state's suppression of the reports until after his plea was entered. (*Id*. at p. 1506.)

Here, however, defendant does not contend that the prosecution suppressed evidence, creating an extrinsic cause that overcame his free exercise of judgment before entering his plea. Defendant notably does not contend that the police reports here were unavailable to defense counsel or that defense counsel had not reviewed the contents before advising him to enter the plea; nor does he contend that defense counsel would have altered his advice to defendant or that defense counsel's advice was ineffective. Here, defense counsel and the prosecutor, both officers of the court, stipulated to a factual basis for defendant's plea. Defendant affirmed during the plea colloquy that he had discussed the elements of the crime with his counsel, and that he was satisfied with counsel's advice. Defendant also affirmed that he understood, initialed, and signed the plea agreement, in which he initialed the boxes that read, "I understand the charge(s) against me, and the possible pleas and defenses to the charge(s)," and "I have had enough time to speak with my attorney regarding the strengths of the case against me [and] any possible defenses that I may have …." As stated above, the factual basis and plea colloquy were sufficient to establish that defendant was satisfied with defense counsel's advice before entering his plea.

10

Accordingly, defendant has not shown that he was prejudiced by not being provided with notice of possible defenses because he had not reviewed the contents of the police reports prior to entering his no contest plea.

### 4. *Harmless Error*

Regardless, any error was harmless because the contents of the record support a finding of a factual basis for defendant's conditional plea. (*People v. Coulter* (2008) 163 Cal.App.4th 1117, 1122; *Holmes*, *supra*, 32 Cal.4th at p. 443.) The police reports state that both the victim and another witness saw defendant point a gun at the victim while defendant took the victim's money, but also state that another witness had his eyes closed, another did not see the gun as defendant exited the home, and the witness who saw him with the gun was intoxicated. Despite the issues with some of the witnesses, the police reports still provide a sufficiently precise factual account of the charged offense of robbery, and the police reports and plea colloquy are adequate to establish that defendant was cognizant that his acts constituted the offense with which he was charged.

Accordingly, any error is harmless.

## DISPOSITION

The judgment is affirmed.

11