Filed 3/4/24  P. v. Coulter CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACK HENRY COULTER,<br><br>    Defendant and Appellant. | 2d Crim. No. B332417<br>(Super. Ct. No. 2006040297)<br>(Ventura County) |

Jack Henry Coulter appeals the order of the trial court denying his petition for resentencing pursuant to Penal Code section 1172.6.[1]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant filed his own supplemental brief, in propria persona.  We affirm.

---

[1] All further statutory references are to the Penal Code.

*Procedural Background*

In 2007, appellant was convicted by guilty plea of the first degree murder of Jose Pirir (§ 187, subd. (a)), two counts of attempted second degree robbery (§§ 644/211), and two counts of assault with a firearm. (§ 245, subd. (a)(2).) At his plea hearing, appellant admitted that he, "committed the crime of murder in violation of . . . section 187, a felony, and that you did willfully and unlawfully with malice aforethought murder Juan Pirir . . . ." He further admitted that, "during the commission of this first degree murder [he] personally and intentionally discharged a firearm, specifically a handgun, within the meaning of . . . section 12022.53(d)." Appellant also admitted that he committed the attempted robberies and the assaults, and that he personally used a firearm in committing each offense. Appellant agreed that the police reports and probation report provided the factual basis for his plea. He was sentenced to the agreed-upon term of 50 years to life.

Appellant challenged his guilty plea, contending the trial court erred when it accepted the police reports and probation report as the factual basis for the plea because the probation report had not been prepared at the time of his plea. We affirmed, holding that, "in accepting a guilty plea, a trial court, with the express or implied consent of the defendant, may put the issue of a factual basis for the plea over to the sentencing hearing." (*People v. Coulter* (2008) 163 Cal.App.4th 1117, 1119.) In summarizing the procedural history of appellant's case, we noted, "The probation report states that appellant was arrested after he shot and killed Juan Pirir during an attempted robbery." (*Id.* at p. 1120.)

2

In December 2022, appellant filed a section 1172.6 form petition for resentencing. After appointing counsel to represent appellant and considering briefs submitted by both the prosecution and the defense, the trial court denied the petition. It found appellant "is ineligible for relief as a matter of law as the actual killer based upon findings of conviction." The trial court's written minute order explained, "Due to the absence of information in the record of conviction establishing someone else as the actual killer, combined with [appellant's] admission to personally and intentionally discharging a firearm that caused death to the murder victim, and the appellate opinion indicating the basis of [appellant's] conviction was as the actual killer, the petition for recall and resentencing pursuant to . . . section 1172.6 is respectfully denied."

*Discussion*

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo, supra,* 14 Cal.5th at p. 226.) However, he is entitled to appellate consideration of any contentions raised in his supplemental brief. (*Id.* at p. 232.)

Appellant's supplemental brief contains no formal legal argument. He states that he believes he was "oversentenced [sic] and the first counsel I was appointed back in 2006 did not represent me properly, and convinced me to take a

3

deal which really was no deal at all." Neither point provides a basis for resentencing under section 1172.6.[2]

To be eligible for resentencing, appellant must establish that he pled guilty in lieu of a trial at which he could have been convicted of murder on a now-invalid theory. (§ 1172.6, subd. (a)(2).) But appellant was charged with murder as the actual killer, not on any theory of imputed malice. At his plea hearing, appellant, who was the only person charged with these offenses, expressly admitted that he committed murder by personally and intentionally discharging a firearm. Because he was the actual killer, appellant is ineligible for resentencing under section 1172.6. (*People v. Lewis* (2021) 11 Cal.5th 952, 971; *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1029-1030 [petition properly denied at prima facie stage where petitioner expressly admitted at plea hearing to personally shooting and killing two people].)

*Disposition*

The order denying appellant's petition for resentencing pursuant to section 1172.6 is affirmed.

---

[2] We note that the amended felony complaint filed against appellant alleged the special circumstance that he committed the murder while engaged in the commission and attempted commission of a robbery. Had this allegation been proven true at trial, appellant would have been eligible for a sentence of death or life in prison without the possibility of parole. (§ 190.2, subd. (a)(17)(A).) His guilty plea avoided both.

NOT TO BE PUBLISHED.


                              YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

Derek D. Malan, Judge

Superior Court County of Ventura

_____

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.